FILED
DALLAS COUNTY
2/11/2015 10:04:09 AM
FELICIA PITRE
DISTRICT CLERK

Candace Tyler

1 CIT - rsanchez@abergmanlaw.com

DC-15-01630

CAUSE NO. _____

| | | |
|---|---|---|
| CLEAR VISION WINDSHIELD REPAIR, LLC, | § | IN THE DISTRICT COURT |
| JAMES AMOS, PHILLIP COSTLOW, EDITH | § | |
| GOINES, NATHANAEL WAGNER, MACK | § | |
| MOREAU, KAREN MCCLURE ALEA | § | |
| KOBLENZ TRACY FORD, AND MICHELE | § | |
| ANTHONY | § | 160TH |
|     PLAINTIFFS | § | _____ JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE | § | |
| COMPANY | § | |
|     DEFENDANT | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Clear Vision Windshield Repair, LLC, on its own behalf (hereinafter referred to as "Plaintiff Clear Vision") and on behalf of James Amos, Phillip Costlow, Edith Goines, Nathanael Wagner, Mack Moreau, Karen McClure, Alea Koblenz, Tracy Ford, and Michele Anthony (hereinafter referred to as "Insureds") (collectively referred to as "Plaintiffs") by and through an assignment  complaining of Allstate Fire and Casualty Insurance Company (hereinafter referred to as "Defendant Insurance Company") and for cause of action would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

2.     Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### CLAIM OF RELIEF

3.     Plaintiff Clear Vision seeks monetary relief over $100,000 but not more than $200,000. Plaintiff Clear Vision affirmatively pleads that this suit is not governed by Rule 169 of the Texas

*PLAINTIFFS' ORIGINAL PETITION*

EXHIBIT
B-1

1

Rules of Civil Procedure because Plaintiff Clear Vision seeks monetary relief in excess of $100,000.00.

## THE PARTIES

4.    Plaintiff Clear Vision is a foreign corporation authorized to conduct business in the State of Texas.

5.    Plaintiff James Amos is an individual residing in Harris County, Texas.

6.    Plaintiff Phillip Costlow is an individual residing in Montgomery County, Texas.

7.    Plaintiff Edith Goines is an individual residing in Harris County, Texas.

8.    Plaintiff Nathanael Wagner is an individual residing in Harris County, Texas.

9.    Plaintiff Mack Moreau is an individual residing in Montgomery County, Texas.

10.   Plaintiff Karen McClure is an individual residing in Montgomery County, Texas.

11.   Plaintiff Alea Koblenz is an individual residing in Harris County, Texas.

12.   Plaintiff Tracy Ford is an individual residing in Montgomery County, Texas.

13.   Plaintiff Michele Anthony is an individual residing in Harris County, Texas.

14.   Defendant Allstate Fire and Casualty Insurance Company is a foreign insurance carrier, organized and existing under the laws of the State of Illinois and authorized to conduct business in Texas, **Defendant Allstate Fire and Casualty Insurance Company may be served with process by serving its designated agent for service of process, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.**

## VENUE AND JURISDICTION

15.   Pursuant to section §15.002 of the Texas Civil Practices and Remedies Code, this action is proper in Dallas County, Texas, where the Defendant maintains a principal office in this state. Further, this Court has jurisdiction as the damages sought in this case are within the jurisdictional

limits of the Court.

## BACKGROUND FACTS

16.     Plaintiff Clear Vision is in the business of repairing chips in automobile windshields. On or about June of 2014, Plaintiff Clear Vision repaired chips in the windshield of the Insureds' vehicles.

17.     Each vehicle was covered by an insurance policy issued by Defendant Insurance Company to the Insured. The identifying policy numbers are listed below. The respective insurance policy provided coverage for the repair of the damaged windshield. Pursuant to the terms of the insurance policy issued by Defendant Insurance Company and as mandated by the Texas Insurance Code, Defendant Insurance Company is obligated to pay the "amount necessary to repair or replace the property with other of like kind and quality."

18.     Further, as do most insurance policies in use in Texas, the insurance policy issued by Defendant Insurance Company waives the deductible for repair to the windshield of an Insured's vehicle.

19.     In exchange for the repairs provided by Plaintiff Clear Vision, the Insured authorized the Defendant Insurance Company to make payment directly to Plaintiff Clear Vision. Further, the Insured executed an assignment wherein the Insured transferred all rights to reimbursement from Defendant Insurance Company to Plaintiff Clear Vision. Additionally, the Insured assigned all causes of action for the Defendant Insurance Company's failure to make payment for the repairs to Plaintiff Clear Vision.

20.     Since there is no deductible and it is the custom in the repair industry and the insurance industry for the repair company that performs the glass repair to the windshield to submit its invoice for the repairs directly to the insurance company for payment, Plaintiff Clear Vision

submitted its invoices for the repairs to the Defendant Insurance Company.

21.    Defendant Insurance Company has made partial payments on some invoices and no payment on others. To date, Defendant Insurance Company has refused to make full payment for the work as detailed below. The total amount outstanding on the invoices is $188.00.

22.    Plaintiff Clear Vision charges $60.00 for the first chip repair and any additional chips repaired in the same visit are charged out at $10.00 per additional chip repair. Plaintiff Clear Vision has not received full payment for the following jobs:

| INSURED | POLICY NUMBER | DATE OF REPAIR | COSTS OF REPAIR | AMOUNT PAID | AMOUNT OWED |
|---------|---------------|----------------|-----------------|-------------|-------------|
| **James Amos** | 938 984 013 | 6-23-2014 | $80.00 | $59.00 | $21.00 |
| **Phillip Costlow** | 8 16 011277 10/02 | 6-23-2014 | $80.00 | $59.00 | $21.00 |
| **Edith Goines** | 8 16 795305 12/25 | 6-30-2014 | $60.00 | 0 | $60.00 |
| **Nathanael Wagner** | 8 16 669596 | 6-30-2014 | $60.00 | $59.00* | $1.00 |
| **Mack Moreau** | 916 835 812 | 6-23-2014 | $80.00 | $59.00 | $21.00 |
| **Karen McClure** | 986524652 | 6-24-2014 | $80.00 | $59.00 | $21.00 |
| **Alea Koblenz** | 829 397 715 | 6-24-2014 | $80.00 | $59.00 | $21.00 |
| **Tracy Ford** | 816 889 946 | 6-25-2014 | $70.00 | $59.00** | $11.00 |
| **Michele Anthony** | 916 440 977 | 6-25-2014 | $70.00 | $59.00 | $11.00 |

*Paid on 1/24/2015. Demand letter was sent 9/2/2014. However, payment did not include any amount for attorney's fees.
** Paid on 1/16/2015. Demand letter was sent 9/2/2014. However, payment did not include any amount for attorney's fees.

23.    Plaintiff Clear Vision brings this lawsuit on its own behalf and in the name of the Insureds listed above, as assignee of the Insureds.

**BREACH OF CONTRACT**

24.     For their first cause of action against Defendant Insurance Company, the Plaintiffs restate the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

25.     All conditions precedent to Plaintiffs' claims for relief have been performed by the Plaintiffs or have occurred.

26.     Plaintiff Clear Vision performed its obligation and provided the repair services. The Insureds performed their obligations and made premium payments. All said insurance policies were in effect at the time of the loss.

27.     In the insurance and the glass windshield repair industries it is a trade usage or custom that the glass repair company is paid directly by the insurance company for the repairs to the vehicle. The fact that both the Defendant Insurance Company and Plaintiff Clear Vision were aware of this custom is evident from the numerous prior partial payments made by the Defendant Insurance Company to Plaintiff Clear Vision. It is further evidenced by the Defendant Insurance Company's failure to reimburse its Insureds for the claim.

28.     Despite repeated demands, the Defendant Insurance Company has not fulfilled its contractual obligation to make full payment for the repair to the Insureds' vehicles.

29.     Defendant Insurance Company's actions constitute a breach of contract. As a direct consequence of said Defendant Insurance Company's breach of contract, the Plaintiffs have sustained damages.

30.     Further, Plaintiff Clear Vision on its own behalf and as assignee of the Insured has been required to retain the undersigned counsel to file this civil action to recover damages. Accordingly, the Plaintiffs seek all reasonable and necessary attorney's fees and costs incurred by the Plaintiffs in the prosecution of this action.

## NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATIONS

31.     For their second cause of action against Defendant Insurance Company, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

32.     Defendant Insurance Company misrepresented to the Plaintiffs pertinent facts and policy provisions relating to coverage.

33.     Defendant Insurance Company misrepresented to Plaintiff Clear Vision that the Insured's policy provided benefits which it did not have. Plaintiff Clear Vision relied upon the Defendant Insurance Company's representations that it had these benefits that it did not have and performed its repair services.

34.     As a direct proximate cause of Defendant Insurance Company's misrepresentations to the Plaintiffs, the Plaintiffs suffered damages.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

35.     For their third cause of action against Defendant Insurance Company, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

36.     Defendant Insurance Company has engaged in unfair and/or deceptive acts and/or practices in the business of insurance, in violation of Chapter 541 of the Texas Insurance Code.

37.     With respect to the claims brought on behalf of and in the name of the Insureds, Defendant Insurance Company violated Chapter 541 of the Texas Insurance Code in the following respects:

> a)   engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.060(a)(1) of the Texas Insurance Code through its "misrepresenting to a claimant a material fact and policy provision relating to coverage at issue;"

b) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.060(a)(2)(A) of the Texas Insurance Code through its through its failure "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which the insurer's liability has become reasonably clear;"

c) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.060(a)(7 of the Texas Insurance Code through its "refusing to pay a claim without conducting a reasonable investigation with respect to the claim;"

d) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(1) of the Texas Insurance Code through its "making an untrue statement of material fact;"

e) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(2) of the Texas Insurance Code through its "failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;"

f) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(3) of the Texas Insurance Code through its "making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;"

g) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(4) of the Texas Insurance Code through its "making a material misstatement of law;"

h) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(5) of the Texas Insurance Code through its "failing to disclose a matter required by law to be disclosed;"

i) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(5) of the Texas Business and Commerce Code through its "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;"

j) engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(7) of the Texas Business and Commerce Code through its "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and,

k) engaging in unfair and/or deceptive acts and/or settlement practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation

of section 17.46(b)(12) of the Texas Business and Commerce Code through its "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

38.     With respect to the claims brought by Plaintiff Clear Vision on its own behalf, Defendant Insurance Company violated Chapter 541 of the Texas Insurance Code in the following respects:

> a)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.051(1)(A) of the Texas Insurance Code through its misrepresenting "the terms of the policy;"
>
> b)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541, section 541.051(1)(B) of the Texas Insurance Code through its misrepresenting "the benefits or advantages promised by the policy;"
>
> c)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(1) of the Texas Insurance Code through its misrepresenting an insurance policy by "making an untrue statement of material fact;"
>
> d)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(2) of the Texas Insurance Code through its misrepresenting an insurance policy by "failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;"
>
> e)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(3) of the Texas Insurance Code through its misrepresenting an insurance policy by "making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;"
>
> f)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(4) of the Texas Insurance Code through its misrepresenting an insurance policy by "making a material misstatement of law;"
>
> g)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.061(5) of the Texas Insurance Code through its misrepresenting an insurance policy by "failing to disclose a matter required by law to be disclosed;" and,
>
> h)  engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 section 541.151(2) of the Texas Insurance Code through its violation of section 17.46(b)(12) of the Texas Business and Commerce Code through its "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

39. Defendant Insurance Company's unfair and deceptive acts and practices set forth above are and each was a producing cause of damages to the Plaintiffs, for which the Plaintiffs now sue. Further, Defendant Insurance Company's unfair and deceptive acts and practices were committed knowingly; therefore, the Plaintiffs should recover, in addition to the actual damages, an amount up to three times the amount of the actual damages.

40. Plaintiff gave Defendant Insurance Company notice as required.

41. Further, as a result of Defendant Insurance Company's unfair and deceptive acts and practices set forth above, the Plaintiffs incurred reasonable and necessary attorney's fees in the prosecution of the present case for which they now sue.

## VIOLATION OF PROMPT PAYMENT OF CLAIMS

42. For their fourth cause of action against Defendant Insurance Company, the Plaintiffs restate and re-allege the preceding paragraphs as if fully stated herein, and would further show the Court as follows:

43. Defendant Insurance Company failed to adhere to the time deadlines set forth in Chapter 542.051 *et seq.* of the Texas Insurance Code requiring the prompt payment of claims submitted by an insured. As a result of said violation of Chapter 542.051, the Plaintiffs are entitled to the statutorily imposed penalty of eighteen percent (18%) interest per year on the amount of the claim and attorney's fees.

## CONDITIONS PRECEDENT

44. All conditions precedent to Plaintiffs' claims for relief have been performed by the Plaintiffs or have occurred.

## CONSTITUTIONAL LIEN

45. Under article XVI, section 37, of the Texas Constitution, Plaintiff Clear Vision holds a lien on the insurance benefits held by Defendant Insurance Company owed pursuant to the

repairs performed by Plaintiff Clear Vision because Plaintiff Clear Vision repaired the vehicles as requested by the Insureds at the price charged by Plaintiff Clear Vision.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that upon final trial the Plaintiffs have and recover of and from the Defendant Insurance Company:

1. judgment against Defendant Insurance Company for damages as set forth above;

2. reasonable attorney's fees;

3. prejudgment and post-judgment interest at the maximum legal rate;

4. exemplary and/or treble damages;

5. 18% annual interest penalty;

6 costs of court; and,

7. such other and further relief, at law or in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ Jay K. Gray*
**GRAY LAW**
Jay K. Gray
State Bar No. 08324050
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
jkurtisgray@yahoo.com

**ANDREW A. BERGMAN, P.C.**
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
bergman@abergmanlaw.com
**ATTORNEYS FOR PLAINTIFFS**

FILED
DALLAS COUNTY
2/11/2015 10:04:09 AM
FELICIA PITRE
DISTRICT CLERK

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC-15-01630          COURT *(FOR CLERK USE ONLY):*

STYLED CLEAR VISION WINDSHIELD REPAIR, LLC, JAMES AMOS, PHILLIP COSTLOW, EDITH GOINES, NATHANAEL WAGNER, MACK MOREAU, KAREN MCCLURE, ALEA KOBLENZ, TRACY FORD, MICHELE ANTHONY V. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Andrew A. Bergman
Email: bergman@abergmanlaw.com

Address: 4514 Travis Street, Suite 300
Telephone: 214-528-2444

City/State/Zip: Dallas, Texas 75205
Fax: 214-599-0602

Signature:
State Bar No: 02196300

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Clear Vision Windshield Repair, LLC
James Amos
Phillip Costlow
Edith Goines
Nathanael Wagner
Mack Moreau
Karen McClure
Alea Koblenz
Tracy Ford
Michele Anthony

Defendant(s)/Respondent(s):
Allstate Fire and Casualty Insurance Company

**Person or entity completing case information sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

**Civil**

*Contract*

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

*Injury or Damage*
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

*Employment*
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

*Related to Criminal Matters*
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

*Other Civil*
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Family Law**

*Marriage Relationship*
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

*Other Family Law*
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

*Post-judgment Actions (non-Title IV-D)*
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

*Title IV-D*
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

*Parent-Child Relationship*
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child

**Probate & Mental Health**

*Tax*
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

**3. Indicate procedure or remedy, if applicable (may select more than 1):**
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

**4. Indicate damages sought (do not select if it is a family law case):**
☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000