IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLEAR VISION WINDSHIELD REPAIR, LLC; JAMES AMOS; PHILLIP COSTLOW; EDITH GOINES; NATHANAEL WAGNER; MACK MOREAU; KAREN MCCLURE; ALEA KOBLENZ; TRACY FORD; and MICHELE ANTHONY, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. **3:15-CV-880-L** |
| | § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed April 20, 2015. After careful consideration of the motion, response, record, and applicable law the court **grants** Plaintiff's Motion to Remand.

**I.    Background**

This action was originally filed in the 160th Judicial District Court of Dallas County, Texas, on February 11, 2015. Pls.' Orig. Pet. 1. The plaintiffs in this action purport to be Clear Vision Windshield Repair, LLC ("Clear Vision") and nine individuals: James Amos, Phillip Costlow, Edith Goines, Nathanael Wagner, Mack Moreau, Karen McClure, Alea Koblenz, Tracy Ford, and Michele Anthony (hereinafter, the "Insureds"). Clear Vision and the Insureds filed this action against Allstate Fire and Casualty Insurance Company ("Allstate" or "Defendant") asserting

**Memorandum Opinion and Order – Page 1**

claims for breach of contract, negligent and intentional misrepresentations, and violations of Chapters 541 and 542 of the Texas Insurance Code.

Allstate removed the state action to federal court on March 19, 2015, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Clear Vision disagrees and contends that Allstate has not established or shown that the amount in controversy exceeds $75,000. Specifically, Clear Vision contends that the claims of individual plaintiffs cannot be aggregated to meet the jurisdictional threshold required for diversity jurisdiction. Allstate counters that the rule against aggregation of claims does not apply because Clear Vision is the only plaintiff and Clear Vision has stated it seeks monetary relief in excess of $100,000.

## II.     Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with

**Memorandum Opinion and Order – Page 2**

the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**Memorandum Opinion and Order – Page 3**

As the court determines that the amount-in-controversy requirement has not been met, it will focus solely on this issue. For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff

**Memorandum Opinion and Order – Page 4**

can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.   Analysis

#### A.   Allegations of Plaintiff's Original Petition ("Petition")

The relevant allegations Plaintiff's Petition are as follows:

16.   Plaintiff Clear Vision is in the business of repairing chips in automobile windshields. On or about June of 2014, Plaintiff Clear Vision repaired chips in the windshield[s] of the Insureds' vehicles.

17.   Each vehicle was covered by an insurance policy issued by Defendant Insurance Company to the Insured. The identifying policy numbers are listed below. The respective insurance policy provided coverage for the repair of the damaged windshield. Pursuant to the terms of the insurance policy issued by Defendant Insurance Company and as mandated by the Texas Insurance Code, Defendant Insurance Company is obligated to pay the "amount necessary to repair or replace the property with other of like kind and quality."

18.   Further, as do most insurance policies in use in Texas, the insurance policy issued by Defendant Insurance Company waives the deductible for repair to the windshield of an Insured's vehicle.

19.   In exchange for the repairs provided by Plaintiff Clear Vision, the Insured authorized the Defendant Insurance Company to make payment directly to Plaintiff Clear Vision. Further, the Insured executed an assignment wherein the Insured

**Memorandum Opinion and Order – Page 5**

> transferred all rights to reimbursement from Defendant Insurance Company to Plaintiff Clear Vision. Additionally, the Insured assigned all causes of action for the Defendant Insurance Company's failure to make payment for the repairs to Plaintiff Clear Vision.
>
> 20.   Since there is no deductible and it is the custom in the repair industry and the insurance industry for the repair company that performs the glass repair to the windshield to submit its invoice for the repairs directly to the insurance company for payment, Plaintiff Clear Vision submitted its invoices for the repairs to the Defendant Insurance Company.
>
> 21.   Defendant Insurance Company has made partial payments on some invoices and no payment on others. To date, Defendant Insurance Company has refused to make full payment for the work as detailed below.

Pls.' Orig. Pet. ¶¶ 16-21.

The total amount owed or outstanding with respect to all of the Insureds is $188. Specifically, 21 dollars are owed for Amos's repairs; 21 dollars are owed for Costlow's repairs; sixty dollars are owed for Goines's repairs; one dollar is owed for Wagner's repairs; 21 dollars are owed for Moreau's repairs; 21 dollars are owed for McClure's repairs; 21 dollars are owed for Koblenz's repairs; 11 dollars are owed for Ford's repairs; and 11 dollars are owed for Anthony's repairs. Thus, the total amount of the claims for which Clear Vision has not been paid by Allstate is $188.

### B.   Discussion

#### 1.   Real Party in Interest

The language of the Petition clearly establishes that each of the Insureds executed an assignment and transferred all right to reimbursement from Allstate to Clear Vision. Pls.' Orig. Pet. 19. Further, the Insureds assigned to Clear Vision all causes of action that they might have against Allstate for its failure to make payment for the repairs done to their vehicles. Moreover, Clear Vision asserts in unequivocal language that it brings this action on its own behalf and on

behalf of the Insureds. Pls.' Orig. Pet. ¶¶ 1, 23, 30 and 37. From the plain text of the Petition, Clear Vision is the only plaintiff, as the Insureds, in exchange for repairs made by Clear Vision for damages to their automobile windshields, executed an assignment by which they transferred all rights to reimbursement from Allstate to Clear Vision, and also assigned to Clear Vision any cause of action they might have for Allstate's failure to make payment.

Accordingly, the court concludes that the only real plaintiff in this action is Clear Vision. Clear Vision is the only party seeking recovery, and in light of the assignments, the court is unaware of a theory under which the Insureds could assert claims against Allstate. In light of the assignment, as a matter of law, the Insureds have no claims to assert against Allstate.

### 2.      Aggregation of Claims

While it is a correct statement of law that the individual claims of plaintiffs cannot be aggregated to meet the jurisdictional threshold, *H & D Auto.-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 305 (5th Cir. 2001), this rule does not apply in this case. This is so because there is only one plaintiff and there are no claims of other plaintiffs to aggregate.

### 3.      Amount in Controversy

Although the rule against aggregation of claims is inapplicable, the court determines that the amount-in-controversy requirement has not been met. Reliance by Allstate on Clear Vision's assertions that it "seeks monetary relief of over $100,000 but not more than $200,000" is misplaced. Frankly, this allegation as to the relief sought is not made in good faith, and the court disregards it. This statement lacks credibility. The total amount for which payment has not been made by Allstate to Clear Vision for repairs it made to the Insureds' windshields is a mere **$188**. If Clear Vision prevailed on all claims asserted and the court awarded treble damages on two of the claims and the eighteen percent penalty, this amount would be approximately $2,000, which is

**Memorandum Opinion and Order – Page 7**

woefully short of the jurisdictional threshold. Although a court can consider attorney's fees in determining the amount in controversy, there is nothing that convinces the court that Clear Vision could reasonably incur attorney's fees that would even come close to reaching $73,000. This is so because the facts of the case are straightforward and not complex. Further, the facts required to prove the claims necessarily overlap to a large extent. In sum, this is a simple case that does not require counsel to expend substantial time and incur a significant amount of attorney's fees.

As Clear Vision's allegation as to the amount of relief sought is not made in good faith, Allstate had the burden to produce evidence that it was more likely than not that the amount in controversy exceeded $75,000. Rather than come forth with evidence, Allstate relies on the conclusory allegation made by Clear Vision that finds no support on the face of Plaintiff's Petition. The facts fall far short of establishing that the amount in controversy is more likely than not to exceed $75,000, and no amount of legal prestidigitation can alter this reality.

## IV.   Conclusion

For the reasons herein set forth, the court **concludes** that Allstate has failed to carry its burden and show that the amount in controversy is more likely than not to exceed $75,000. Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the 160th Judicial District Court of Dallas County, Texas. The clerk of court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 30th day of October, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge